IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SILVERGATE PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-1962 (MSG) |
| | ) | C.A. No. 19-1067 (MSG) |
| BIONPHARMA INC., | ) | C.A. No. 20-1256 (MSG) |
| | ) | |
| Defendant. | ) | |
| AZURITY PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  19-2100 (MSG) |
| | ) | |
| ALKEM LABORATORIES LTD., | ) | |
| | ) | |
| Defendant. | ) | |
| AZURITY PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-196 (MSG) |
| | ) | |
| ANNORA PHARMA PRIVATE LIMITED, | ) | |
| CAMBER PHARMACEUTICALS INC. | ) | |
| | ) | |
| Defendant. | | |
| AZURITY PHARMACEUTICALS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1286 (MSG) |
| | ) | C.A. No. 21-1455 (MSG) |
| BIONPHARMA INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| AZURITY PHARMACEUTICALS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1707 (MSG) |
| | ) |
| AUROBINDO PHARMA LTD. and | ) |
| AUROBINDO PHARMA USA, INC., | ) |
| | ) |
| Defendants. | ) |

## JOINT STATUS REPORT

Pursuant to the Court's order on March 30, 2022, the parties to the above-captioned matters have met and conferred and submit this joint status report.

**I.**   ***Azurity Pharmaceuticals, Inc. v. Bionpharma Inc.*, C.A. Nos. 18-1962, 19-1067, 20-1256, 21-1286, 21-1455**

**A.**   **C.A. Nos. 18-1962 and 19-1067**

The Court conducted trial in C.A. Nos. 18-1962 and 19-1067 in February of 2021, and entered final judgment in Bionpharma's favor on April 29, 2021.  18-1962 D.I. 257, 270.  On March 9, 2022, the Federal Circuit affirmed pursuant to Rule 36.  *Azurity Pharm., Inc. v. Bionpharma Inc.*, Nos. 2021-1926, -1927, 2022 WL 703903, *1 (Fed. Cir. March 9, 2022). Azurity does not intend to ask for reconsideration or rehearing.  There is nothing pending or anticipated before the Court in C.A. Nos. 18-1962 and 19-1067, and these cases are closed. Bionpharma intends to submit a motion requesting attorney fees pursuant to 35 U.S.C. § 285. Azurity will oppose this motion if and when filed.  The parties will submit a joint status report no later than seven days after the Federal Circuit issues a mandate to this Court, per this Court's March 22, 2022 order.  18-1962 D.I. 315.

**B.**   **C.A. No. 20-1256**

On May 17, 2021, the parties agreed to dismiss C.A. No. 20-1256 with prejudice unless the Federal Circuit in the appeal of C.A. Nos. 18-1962 and 19-1067 renders a decision that removes

collateral estoppel.  20-1256 D.I. 106, Joint Stipulation of Dismissal ("JSD").  On May 21, 2021, this Court "So Ordered" the JSD.  20-1256 May 21, 2021 Docket Entry.  On March 9, 2022, the Federal Circuit affirmed pursuant to Rule 36 this Court's final judgment in the 18-1962 and 19-1067 actions.  *Azurity*, 2022 WL 703903, *1.  Thus, this case has been dismissed with prejudice, and neither party anticipates filing a motion.

### C.    C.A. Nos. 21-1286 and 21-1455

(a) The Parties stipulated to the construction of one term and advised the Court that no claim construction hearing was needed.  D.I. 147.  The Court ordered the hearing adjourned on March 23, 2022.  D.I. 147.

(b) The complaint for C.A. No. 21-1455 was filed on October 15, 2021.  21-1455 D.I. 1. The amended complaint for C.A. No. 21-1286 was filed on November 11, 2021.  21-1286 D.I. 89. Bionpharma filed its Answer and Counterclaims on February 17, 2022.  21-1286 D.I. 135; 21-1455 D.I. 46.  Azurity filed a Motion to Dismiss or in the Alternative to Bifurcate and Stay Bionpharma's Counterclaims based on antitrust allegations on March 24, 2022.  21-1286 D.I. 148; 21-1455 D.I. 60.  Bionpharma's response is currently due April 21, 2022.  21-1286 D.I. 145. Briefing on that motion will be complete on May 5, 2022.  21-1286 D.I. 145.

Bionpharma intends to file a Rule 12(c) motion in the 21-1286 action based on claim preclusion, pursuant to this Court's November 10, 2021 Order.  21-1286 D.I. 87, Oral Order; 21-1286 D.I. 96, 11/10/21 Hr'g Tr. 115:11-17.  Azurity will oppose this motion if and when filed. Bionpharma also anticipates seeking leave to file a Rule 12(c) motion on the issue of willful infringement.  Azurity will oppose this motion if and when filed.

(c) There are no applicable regulatory stays in C.A. Nos. 21-1455 and 21-1286.

(d) Trial in C.A. Nos. 21-1455 and 21-1286 is scheduled for **February 1, 2024** and is currently scheduled as a jury trial.  21-1286 D.I. 126 Scheduling Order ¶ 21.

(f) No additional related lawsuits are currently anticipated.

## II.     *Azurity Pharmaceuticals, Inc. v. Alkem Laboratories Ltd.*, C.A. No. 19-2100

(a) A hearing on claim construction is not needed.  A hearing was held on August 23, 2021.  D.I. 79.  The Court ordered the construction of the disputed terms on November 16, 2021.  D.I. 98.

(b) A bench trial is currently scheduled for **August 8, 2022.**  D.I. 129.  The amended complaint was filed on April 13, 2021.  D.I. 39.  Opening expert reports are due April 13, 2022.  D.I. 129.  If Alkem begins selling its product, an adjustment to the schedule will be necessary to accommodate damages discovery and conversion to a jury trial.

(c) Alkem's 30-month regulatory stay expired on March 25, 2022.  Thus, there are no longer any applicable regulatory stays in C.A. No. 19-2100.  Alkem received Final Approval for its ANDA Product on March 30, 2022.

(d) If Alkem begins selling product, Azurity intends to amend the Complaint to include a jury demand and claims for monetary damages.

(e) The trials in C.A. Nos. 19-2100 and 21-196 (discussed below) should not be combined.  Alkem received final approval on March 30, 2022, but has not, to date, began offering its product for sale.  Therefore, this case (19-2100) is still set for a bench trial in August, subject to the Court's availability.

The Annora/Camber litigation (21-196) will be set for a jury trial subject to the Court's availability. Furthermore, each matter involves different products and different patents.

(f) No additional related lawsuits are currently anticipated.

III.   ***Azurity Pharmaceuticals, Inc. v. Annora Pharma Private Limited and Camber Pharmaceuticals Inc.*, C.A. No. 21-196**

(a) A hearing on claim construction is not needed.  The Parties stipulated to the construction of one term in C.A. No. 19-2100.  21-196 D.I. 72, *so ordered* December 9, 2021.

(b) In view of Annora's/Camber's commercial sale of the accused product, the schedule must be adjusted to accommodate discovery related to monetary damages, delays in discovery resulting from the preliminary injunction proceedings, and a conversion of the bench trial to a jury trial.  The parties respectfully request that the Court take the bench trial currently scheduled for **November 14, 2022** off the calendar.  D.I. 110.  Azurity filed the First Amended and Supplemental complaint on March 30, 2022, which added a new party (Camber) to the litigation, claims for patent infringement based on the making, using, and selling of the accused product, claims for damages, and a jury demand.  D.I. 119.  The parties have attempted to negotiate the new case schedule, but have not been able to agree on a schedule.  The parties will submit the competing proposals for the Court's consideration no later than April 20, 2022.

It is Defendants Annora's and Camber's position that there is no reason for this case to proceed faster than the schedule this Court ordered in the Bionpharma matter (Case Nos. 21-1286 and 21-1455), in which the Court adopted Bionpharma's schedule rather than Azurity's expedited schedule, with a jury trial scheduled to occur 27-28 months after filing of the operative complaints.  *E.g.*, Case No. 21-1455, D.I. 36.  The operative complaints in the Bionpharma matters were served 4 months (No. 21-1286) and 5 months (No. 21-1455) before the operative complaint in the Annora/Camber matter.  Further, the operative complaint in the Annora/Camber matter added a new party to the case, Camber (while no new party was added in the Bionpharma matter).  Annora and Camber are scheduled to file their Answers the same day as this report is being filed.  Camber has neither served nor been served with, much less responded to, any discovery requests.  Annora

and Plaintiffs have not exchanged any written discovery directed to damages, and have not taken a single fact deposition related to liability or damages (while in the Bionpharma actions the parties had already taken numerous fact depositions in prior litigation that they agreed could be used in the pending actions). Further, Annora has raised a number of concerns with the scope of document production and written discovery responses concerning liability that have gone largely unanswered and remain unresolved.  In effect, almost no discovery has occurred in this case since before the preliminary injunction was briefed and decided as the parties anticipated the launch of Annora's ANDA product and the attendant impact on the scope of the case and case schedule.  Meanwhile, under Azurity's proposed schedule fact discovery needs to be completed by September 15, 2022, expert discovery needs to be completed by January 19, 2023, and a pretrial order would be submitted the following month, with no time set aside for briefing or resolution of dispositive motions.  Further, Azurity's schedule does not address the addition of Camber to the litigation. Accordingly, Annora/Camber do not believe it would be realistic or appropriate to adopt Azurity's schedule, which effectively requires an entire case to be litigated in under 12 months.

Azurity's position: The initial litigation with respect to these patents was filed against Annora on February 11, 2021.  Annora and Azurity have exchanged contentions, documents, and discovery relating to Annora's/Camber's product. ***Camber is selling Annora's product***.  The two defendants (Annora and Camber) are both wholly-owned subsidiaries of parent company Hetero Labs Limited.  21-196, D.I. 24; https://www.camberpharma.com/our-story/.  No fact depositions have taken place to date, but Annora requested and received all of the fact deposition transcripts and discovery from both the Bionpharma and Amneal prior litigations, as well as requested fact depositions given by Azurity for all related cases.  Discovery regarding all issues (aside from damages) has been ongoing for Annora and Azurity for over eight months and has included service

and response to over a dozen interrogatories and production of over 100,000 pages of documents. The addition of Camber does not implicate new issues as the asserted patents and accused product are the same. Notably, Annora does not identify any new issue raised by virtue of Camber. Fact discovery, primarily related to damages, can be completed within the four months proposed under Azurity's schedule.  Remaining fact discovery, mainly related to damages, can be completed within the four months proposed under Azurity's schedule.  Annora's reference to the timeline of the Bionpharma litigation is inappropriate at least because the Bionpharma litigation involves wholly separate patents and antitrust counterclaims not at issue here with a pending motion to dismiss that has yet to be fully briefed and heard.  The parties do not need an additional two years of litigation to allow for the addition of damages discovery on a product that has always been the subject of this litigation.  Annora/Camber has launched a product on the market and now wishes to slow trial more than two years in the future to forestall an injunction under 35 U.S.C. § 271(e) while it willfully infringes Azurity's patents.  A jury trial in the Annora case should be scheduled on or around May 2023, dependent on the Court's schedule.

(c) There are no applicable regulatory stays in C.A. No. 21-196.

(d) The currently scheduled bench trial should be converted to a jury trial.  *See* D.I. 119.

(e) The trials in C.A. Nos. 19-2100 (addressed above) and 21-196 should not be combined into a single bench trial because there is a jury trial demand in C.A. 21-196 and both matters involve different patents and different accused products.  *Id.*   Similarly, the trials for C.A. Nos. 21-1286 and 21-1455 (Bionpharma actions addressed above) and 21-196 should not be combined into a single jury trial because the matters involve different patents and different accused products.

(f) No additional related lawsuits are currently anticipated.

IV.   ***Azurity Pharmaceuticals, Inc. v. Aurobindo Pharma Ltd. and Aurobindo Pharma USA, Inc.*, C.A. No. 21-1707**

(a) At this early stage of litigation, the Parties are uncertain if a hearing on claim construction will be needed.

(b) A scheduling conference has not yet been set, and trial in C.A. No. 21-1707 has not yet been scheduled.  The complaint was filed on December 2, 2021 (D.I. 1), Aurobindo filed its answer and counterclaims on January 7, 2022 (D.I.12), and Azurity responded to Aurobindo's Counterclaims on February 18, 2022.  D.I. 15.

(c) Aurobindo's 30-month regulatory stay expires on April 19, 2024.  The Parties request that trial be scheduled so that a decision may be rendered before the expiration of the 30-month stay.

(d) With the 30-month regulatory stay in effect for another two years, the parties do not expect that a jury trial will be needed.

(f) No additional related lawsuits are currently anticipated.

| | |
|---|---|
| Morris, Nichols, Arsht & Tunnell LLP | Kratz & Barry LLP |
| */s/ Megan E. Dellinger* | */s/ R. Touhey Myer* |
| Jack B. Blumenfeld (#1014) | R Touhey Myer (#5939) |
| Megan E. Dellinger (#5739) | 800 North West Street |
| 1201 North Market Street | Wilmington, DE  19801 |
| P.O. Box 1347 | (302) 527-9378 |
| Wilmington, DE  19899 | tmyer@kratzandbarry.com |
| (302) 658-9200 | |
| jblumenfeld@morrisnichols.com | *Attorneys for Defendant Alkem Laboratories Ltd.* |
| mdellinger@morrisnichols.com | |
| | |
| *Attorneys for Plaintiff Azurity Pharmaceuticals, Inc. f/k/a Silvergate Pharmaceuticals, Inc.* | |

BAYARD, P.A.

/s/ Ronald P. Golden III
_____

Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 North King Street, Suite 400
Wilmington, DE  19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendant Annora Pharma Private Limited*

PHILLIPS, MCLAUGHLIN & HALL, P.A.

/s/ Megan C. Haney
_____

John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
1200 North Broom Street
Wilmington, DE  19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Defendant Bionpharma Inc.*

April 13, 2022

MORRIS JAMES LLP

/s/ Cortlan S. Hitch
_____

Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801-1494
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendants Aurobindo Pharma Ltd. and Aurobindo Pharma USA, Inc.*