IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AZURITY PHARMACEUTICALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1707 (MSG) |
| | ) |
| AUROBINDO PHARMA LTD. and | ) |
| AUROBINDO PHARMA USA, INC., | ) |
| | ) |
| Defendants. | ) |

**SCHEDULING ORDER**

AND NOW, this 24ᵗʰ day of May, 2022, IT IS HEREBY ORDERED that:

1.  Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within **twenty-one (21) days** of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") ("Default Standard") (which is posted at http://www.ded.uscourts.gov; *see* Other Resources, Default Standard for Discovery, and is incorporated herein by reference).

2.  Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **January 6, 2023**.

3.  Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within **thirty (30) days** of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(g) below.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.   <u>Papers Filed Under Seal</u>. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction. <u>See</u> <u>In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.</u>, 924 F.3d 662, 672 (3d Cir. 2019).

5.   <u>Disclosures</u>. Absent agreement among the parties, and approval of the Court:

   a.   By **May 20, 2022**, parties shall exchange Initial Disclosures pursuant to paragraph 3 of the Default Standard.

    b.    By **May 27, 2022**, Plaintiff shall identify the accused product(s) and the asserted patent(s) Defendant allegedly infringes, and produce the file history for each asserted patent.

    c.    By **June 10, 2022**, Defendant shall produce core technical documents related to the accused product(s), including its respective Abbreviated New Drug Application ("ANDA") and all correspondence to date between the applicant and the U.S. Food and Drug Administration pertaining to the ANDA at issue, pursuant to paragraph 4(b) of the Default Standard.

    d.    By **June 30, 2022**, Plaintiff shall produce an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

    e.    By **July 29, 2022**, Defendant shall produce its initial invalidity contentions for each asserted claims each product allegedly infringes.

    By **March 2, 2023**, Plaintiff shall provide final infringement contentions. Defendant shall provide final invalidity contentions.

6.    Discovery.

    a.    <u>Fact Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before **February 3, 2023**.

    b.    <u>Document Production</u>. Document production shall be substantially complete by **October 5, 2022**.

    c.    <u>Requests for Admission</u>. A maximum of **thirty (30)** requests for admission are permitted for each side. Any additional requests for admission may only be served with leave of Court. Any requests for admission directed to the

3

        authentication and/or admissibility of documents are excluded from the limitations above.

   d.    <u>Interrogatories</u>.

        i.)    A maximum of **twenty-five (25)** interrogatories, including all discrete subparts and contention interrogatories, are permitted for each side. Any additional interrogatories may only be served with leave of Court.

        ii.)    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides, *i.e.*, the more detail a party provides, the more detail a party shall receive.

   e.    <u>Depositions</u>.

        i.)    <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of seventy (70) hours of taking fact deposition testimony upon oral examination of the opposing party. These hour limits on fact depositions may be increased by Court order upon good cause shown. If a deponent testifies wholly or substantially through an interpreter, the party taking the deposition shall be permitted, on a pro rata basis, 1.5 hours of deposition time for each hour spent testifying through the interpreter. The provisions of the Federal Rule

        of Civil Procedure 30(d)(1) shall apply. For clarity, the hour limitations described in this paragraph do not apply to depositions of third parties or expert witnesses.

   ii.)   <u>Location of Depositions</u>. The parties acknowledge the current uncertainties related to travel due to the ongoing global health crisis. Within six (6) months of the entry of this Order, the parties agree to meet and confer in good faith to determine where and how depositions may be taken.

The limitations contained in this section may be modified by agreement of the parties subject to approval of the Court or by motion to the Court with the burden on the party seeking modification.

f.   <u>Disclosure of Expert Testimony</u>.

   i.)   <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **April 4, 2023**. Rebuttal expert reports to contradict or rebut evidence on the same matter identified by another party, which shall include expert reports to be submitted by Plaintiff regarding any objective indicia of non-obviousness, are due on or before **May 4, 2023**. Reply expert reports from the party with the initial burden of proof are due on or before **June 1, 2023** and would include any disclosure to rebut or contradict opinions related to objective indicia of non-obviousness. Any reply expert reports to be submitted by Plaintiff regarding objective indicia of

non-obviousness are due on or before **June 15, 2023**. While the Court will not set a page limit on expert reports, the attorneys and retained experts are reminded that hundreds of pages may be less helpful for the Court and ultimate factfinder. The parties shall provide reasonable notice of the dates and times of their experts' availability for deposition.

All expert depositions shall be completed by **July 27, 2023**. If a dispute arises regarding the amount of time for depositions of any expert, the parties shall follow the discovery dispute procedure set forth in Paragraph 7(g).

ii.) <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than **August 10, 2023**, unless otherwise ordered by the Court. Oppositions to such motions shall be filed no later than **August 24, 2023**, and replies to such motions shall be filed no later than **August 31, 2023**. Unless otherwise ordered by the Court, briefing on such motions is subject to the page limits set out in D. Del. LR 7.1.3.

    g.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

        i.)    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

        ii.)    Unless the Court orders otherwise, should counsel find, after good faith efforts—including verbal communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

Dear Judge Goldberg:

    The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

    The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s): _____

Delaware Counsel: _____

Lead Counsel: _____

    The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

        iii.)    On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining

>> the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.
>
> iv.) Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.
>
> v.) Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

7. <u>Tutorial Describing the Technology and Matters in Issue</u>. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than **September 16, 2022**, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than thirty (30) minutes. The tutorial should focus on the technology in issue and should not be used for argument. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than five (5) pages) on the opposing party's tutorial. Any such comment shall be filed no later than **September 30, 2022**. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial (currently best are "mpeg" or "quicktime").

8. <u>Claim Construction Issue Identification</u>. On **August 25, 2022**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On **August 31, 2022**, the parties shall exchange their proposed claim construction of those term(s)/phrase(s)

identified by either party in the initial exchange. These documents will not be filed with the Court. Subsequent to exchanging proposed constructions, the parties will meet and confer no later than **September 6, 2022** to prepare a Joint Claim Construction Chart identifying no more than **ten (10)** claim term(s)/phrase(s) to be construed. This Joint Claim Construction Chart is to be submitted on **September 9, 2022**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

9. <u>Claim Construction Briefing</u>. Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on **September 22, 2022**. Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on **October 13, 2022**. Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **October 27, 2022**. Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **November 10, 2022**. No later than **November 17, 2022**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into a single, consolidated claim construction brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Agreed-upon Constructions

II. Disputed Constructions

    A. [TERM 1]

        1. Plaintiff's Opening Position

        2. Defendants' Answering Position

    3. Plaintiff's Reply Position

    4. Defendants' Sur-Reply Position

  B. [TERM 2]

    1. Plaintiff's Opening Position

    2. Defendants' Answering Position

    3. Plaintiff's Reply Position

    4. Defendants' Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

  10. <u>Hearing on Claim Construction</u>. Beginning at **10:00 a.m.** on **December 13, 2022**, at a location to be determined, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than **November 17, 2022** (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

  11. <u>Interim Status Report</u>. On **January 6, 2023**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

  12. <u>Supplementation</u>. Absent agreement among the parties, and approval of the Court, no later than the date set for final infringement and validity contentions, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references, respectively.

  13. <u>Case Dispositive Motions</u>. The Court will not hear summary judgement motions without leave of the Court.

14. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. <u>Pretrial Conference</u>. On **October 23, 2023**, the Court will hold a pretrial conference in Court with counsel beginning at **10:00 a.m.**, at a location to be determined. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order-Patent, which can be found on the Court's website (www.ded.uscourts.gov), no later than seven (7) days before the pretrial conference. Thirty (30) days before the joint proposed pretrial order is due, Plaintiff shall provide a draft pretrial order to Defendant including proposed language for the sections of the pretrial order jointly submitted by all parties, as well as the sections relating to issues on which Plaintiff bears the burden of proof, and Defendant shall provide to Plaintiff the sections relating to issues on which Defendant bears the burden of proof. Fourteen (14) days before the joint proposed pretrial order is due, the parties shall provide their responses to the sections of the draft pretrial order previously exchanged. The parties shall thereafter meet and confer in good faith such that Plaintiff may file the joint proposed final pretrial order in conformity with the Local Rules.

The parties shall provide the Court one (1) courtesy copy of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order – Patent, the parties shall include in their joint proposed final pretrial order, among other things:

      a.    <u>a request for a specific number of **hours** for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical bench trial day there will be 6 to 7 hours of trial time;

      b.    their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony, including objections based on lack of completeness and/or lack of inconsistency;

      c.    <u>their position as to whether the Court should rule at trial on objections to expert testimony</u> as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

      d.    <u>their position as to how to make motions for judgment as a matter of law</u>, whether it be immediately at the appropriate point during trial or at a subsequent break and whether such motions may be supplemented in writing.

16.    <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of

three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. <u>Trial</u>. This matter is scheduled for a five (5) day bench trial beginning on **November 13, 2023**, at a location to be determined.

18. <u>Post-Trial Briefing</u>. The parties will address the post-trial briefing schedule and page limits in the proposed final pretrial order.

19. 30-Month Stay Deadline: **April 19, 2024**.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**