

800 N. West Street
Wilmington, Delaware, 19801
Main: 302.527.9378

R Touhey Myer
tmyer@kratzandbarry.com
Direct: 215.260.3969

19 September 2023

*<u>Via CM/ECF</u>*

The Honorable Mitchell S. Goldberg
Judge, United States District Court
   for the Eastern District of Pennsylvania
601 Market Street, Room 17614
Philadelphia, PA 19106

      Re:    **Azurity Pharmaceuticals, Inc. v. Aurobindo Pharma Ltd., et al.**
              **U.S.D.C.(D.Del.)**
              **C.A. No. 1:21-cv-01707-MSG**

Dear Judge Goldberg,

      This firm represents Aurobindo Pharma Limited and Aurobindo Pharma USA, Inc., (collectively, "Aurobindo") in the referenced action. We write following the expiration of the stipulated stay in this case (D.I. 95) to advise the Court of a dispute between the parties pertaining to resolution of this action in view of the Federal Circuit's decision affirming this Court's holding in *Azurity Pharmaceuticals, Inc., v. Alkem Laboratories Ltd.*, C.A. No. 1:19-cv-02100-MSG, and to request an expedited briefing schedule to determine whether (a) the almost final settlement agreement between Azurity and Aurobindo is binding in relevant part on Azurity and (b), if not, whether collateral estoppel nonetheless warrants issuance of summary judgment.

      At the time the Federal Circuit issued its decision, the parties had already agreed to the material settlement terms in the form of a signed, albeit nonbinding, term-sheet, which the subsequent draft settlement agreement largely mirrors. One provision that remained and remains substantively unchanged from the term-sheet is an acceleration provision that would permit Aurobindo immediately to seek final FDA approval for its ANDA and launch its ANDA product upon approval following entry of a judgment of the Federal Circuit (or any appellate court) affirming this Court's holding that the asserted claims of two of the patents at issue in this action, U.S. Patent Nos. 10,786,482 and 10,918,621, are invalid.

      Now that Azurity has lost, it refuses to give effect to that acceleration provision and instead insists on continuing to stay the case until a mandate issues from the Federal Circuit. Notably, however, the relevant acceleration provision is tied to entry of the judgment, not the issuance of the mandate. Azurity is now backing away the acceleration provision and focusing its efforts on strategizing purely for delay to limit further generic competition of its Epaned product.

*The Honorable Mitchell S. Goldberg*
*19 September 2023*
*Page 2*

      Aurobindo respectfully submits that Azurity is bound to the agreed-upon acceleration provision. *See*, *e.g.*, *Ismail v. Interstate Res. Inc.*, 842 Fed. App'x 821, 823-25 (Fed. Cir. Feb. 16, 2021) (affirming district court's enforcement of unsigned settlement agreement, noting, "When the parties have agreed on the essential terms of a contract, the fact that they intend to formalize their agreement in writing but have not yet done so does not prevent enforcement."). Alternatively, Aurobindo respectfully submits that it is entitled to summary judgment given the scope of the invalidated claims and this Court's reasons for invalidation, which were undisturbed by the Federal Circuit in concluding that it could discern "no legal error" in this Court's obviousness analysis. *See Azurity Pharms., Inc. v. Alkem Labs. Ltd.*, App. No. 2023-1540, 2023 U.S. App. LEXIS 24382 at *2 (Fed. Cir. Sept. 14, 2023).

      Therefore, Aurobindo respectfully requests that the case be reopened for the limited purpose of considering a motion from Aurobindo seeking to enforce the parties' settlement agreement or, in the alternative, to obtain summary judgment of invalidity based on estoppel. Aurobindo requests that the Court set a briefing schedule permitting Aurobindo to file its motion within ten days of entry of the briefing schedule, permitting Azurity to respond ten days thereafter and permitting Aurobindo to reply seven days thereafter. A proposed Order incorporating this briefing schedule is being submitted herewith as Exhibit A.

      We thank the Court for its consideration of these matters and would be happy to answer any questions the Court may have.

                                                   Respectfully submitted,

                                                   R TOUHEY MYER (#5939)

RTM/rec

cc:      All Counsel of Record *(via E-mail)*